**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

TRACEY KINCAID
5157 Elmwood Dr,
Pittsburgh, Pa 15227

Plaintiff,

vs.

DOLLAR TREE, INC.
500 Volvo Parkway
Chesapeake VA 23320

HEATHER FENDER
1615 Lincoln Way
White Oak, PA 15131

Defendants.

Case No.:

**COMPLAINT**

Filed on Behalf of Plaintiff,
TRACEY KINCAID

Counsel of Record for this Party:

CHAFFIN LUHANA LLP
615 Iron City Drive
Pittsburgh, PA 15205

Eric Chaffin, Esq. (PA Bar No. 78725)
Patrick Booth, Esq. (PA Bar No. 202200)
A.J. Patterson, Esq. (PA Bar No. 331944)

(888) 480-1123

**JURY TRIAL DEMANDED**

EXHIBIT
A

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

TRACEY KINCAID
5157 Elmwood Dr,
Pittsburgh, Pa 15227

Case No.:

Plaintiff,

vs.

DOLLAR TREE, INC.
500 Volvo Parkway
Chesapeake, VA 23320

HEATHER FENDER
1615 Lincoln Way
White Oak, PA 15131

Defendants.

**NOTICE TO DEFEND**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

TRACEY KINCAID
5157 Elmwood Dr,
Pittsburgh, Pa 15227

Case No.:

Plaintiff,

vs.

DOLLAR TREE, INC.
500 Volvo Parkway
Chesapeake VA 23320

HEATHER FENDER
1615 Lincoln Way
White Oak, PA 15131

Defendants.

**COMPLAINT**

AND NOW, comes the Plaintiff, Tracey Kincaid, by and through Plaintiff's counsel, Chaffin Luhana LLP, and files the within action against Defendant, Dollar Tree, Inc., and in support thereof avers as follows:

**PARTIES**

1. Plaintiff, Tracey Kincaid, is a competent adult individual, currently residing at 5157 Elmwood Dr, Pittsburgh, Pa 15227.

2. Defendant, Dollar Tree, Inc., is a corporation with a principal place of business at 500 Volvo Parkway Chesapeake VA United States 23320.

3. Defendant, Heather Fender, is a competent adult individual, that manages Defendant, Dollar Tree Inc.'s store located at 1615 Lincoln Way White Oak, PA 15131.

4. At all times material hereto, Defendant, Dollar Tree, Inc., does business in Pennsylvania and within Allegheny County including at its store located at 1615 Lincoln Way

White Oak, PA 15131.

5. At all times material hereto, Defendants, Dollar Tree, Inc., and Heather Fender were in charge of and responsible for property management of the property at the above-described location.

6. At all times material hereto, Defendants, Dollar Tree, Inc. and Heather Fender, were responsible for the care, custody, control, operation, maintenance, and supervision of all areas of the above-described property.

7. At all times material hereto, Defendant, Dollar Tree, Inc., was acting through its officers, partners, agents, servants, employees, and/or representatives, who were acting in the course and scope of their capacity as officers, partners, agents, servants, employees, and/or representatives of Defendants.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to 42 Pa.C.S.A. §931.

9. Venue is appropriate in the Court of Common Pleas of Allegheny County pursuant to Pa. R. Civ. P. 2179.

## FACTS

10. On November 18, 2024, Plaintiff was shopping for coffee mugs in the houseware section of Defendant, Dollar Tree, Inc.'s, store located at 1615 Lincoln Way White Oak, PA.

11. Plaintiff reached up to the top shelf to grab a coffee mug, when a white cup that was filled with urine and potentially other hazardous fluids tipped over and spilled onto her face, head, body, and clothes.

12. While Defendant, Heather Fender, took Plaintiff to the bathroom, and provided her with soap and a new shirt, Plaintiff still had to pick up her child, before she could get home to

shower.

13. Defendant, Heather Fender, admitted the cup of urine could have been on the shelf for up to a week.

14. Defendants knew and/or should have known about the disgusting, dangerous, hazardous, unsanitary and unsafe condition that existed for an unreasonable period of time.

**COUNT I –**
**NEGLIGENCE/RECKLESSNESS/WILLFULNESS/WANTONNESS**
**(Tracey Kincaid v. Dollar Tree, Inc. and Heather Fender)**

15. The allegations contained within the above paragraphs are incorporated herein as if fully set forth at length.

16. Plaintiff's injuries and damages were caused by and were the direct and proximate result of the negligence of the Defendants, Dollar Tree, Inc. and Heather Fender as follows:

a. In allowing or permitting a cup of urine to exist in the store for an unreasonable period of time;

b. Failure to cure the hazardous condition;

c. In failing to take the necessary precautions to see that the store was maintained so as to not create an unsanitary and dangerous condition;

d. In failing to reasonably inspect said premises so as to discover the unsanitary and dangerous condition;

e. In failing to maintain proper written or formal policies and procedures setting forth regular inspection of the shopping area to ensure that unsanitary and unsafe conditions do not exist;

f. Failing to adequately staff stores so as to allow these types of unsafe and unsanitary conditions to exist;

g. Violation of standard and generally accepted practices for sanitation and safety on the premises;

h. In failing to recognize and address the unsafe, and unsanitary condition existing on the property;

i. In failing to maintain the shopping area in a proper, safe, and sanitary condition in violation of local ordinances, law, and/or local authorities; and

j. Such other acts of negligence as may be revealed during the course of discovery and/or at the time of trial of this matter.

17. As a direct and proximate result of the negligence, recklessness, willfulness and wantonness of Defendants, Dollar Tree, Inc. and Heather Fender, Plaintiff suffered and sustained serious and severe personal injuries, including:

a. Exposure to urine;

b. Exposure to bodily fluids;

c. Emotional trauma;

d. Fear over potential exposure to HIV and other infections;

e. Terror;

f. Anxiety;

g. Humiliation; and

h. Other injuries as may be yet undiscovered and will be revealed in the medical records.

18. As a direct and proximate result of the negligence, recklessness, willfulness and wantonness of the Defendants, Dollar Tree, Inc. and Heather Fender, Plaintiff, Tracey Kincaid, has sustained the following damages:

a. Plaintiff has been, and will be required in the future to expend large sums of money for medical attention, hospitalization, medical appliances, medicines, services of nurses, doctors and various other healthcare providers;

b. Plaintiff has suffered, and will continue to suffer, from inconvenience, embarrassment, mental anguish and loss of enjoyment of life's pleasures

c. Plaintiff has incurred out-of-pocket expenses; and

d. Plaintiff has been permanently emotionally scarred.

19. At all times material hereto, Defendants knew or should have known that their actions, in allowing a cup filled with potentially hazardous bodily fluids to be precariously placed

on a shelf in their store for up to a week, where it could easily spill onto unsuspecting customers, constituted outrageous and reckless indifference to the significant, direct, and present risk of serious injury to Plaintiff.

20. As such, Plaintiff, Tracey Kincaid, is entitled to the award of punitive damages.

WHEREFORE, Plaintiff, Tracey Kincaid, prays for judgment against Defendants, Dollar Tree, Inc. and Heather Fender, in compensatory damages in an amount in excess of the jurisdictional limits and punitive damages, exclusive of interest and allowable costs of this suit, which will compensate Plaintiff for Plaintiff's injuries.

**COUNT II –**
**NEGLIGENCE/RECKLESSNESS/WILLFULNESS/WANTONNESS**
**(Tracey Kincaid v. Dollar Tree, Inc.)**

21. The allegations contained within the above paragraphs are incorporated herein as if fully set forth at length.

22. At the time that Defendant Dollar Tree, Inc., hired Defendant Heather Fender and other employees working at Defendant, Dollar Tree, Inc.'s, 1615 Lincoln Way store, Defendant, Dollar Tree, Inc., failed to do adequate background checks on Defendant manager and employees to determine whether Defendant manager and employees should be entrusted with maintaining and operating a store and failed to obtain Defendant manager and employees experience, and/or qualifications.

23. At the time Defendant, Dollar Tree, Inc., trusted the store to Defendant manager and employees, Defendant, Dollar Tree, Inc., failed to take precautions to ensure that Defendant manager and employees would operate the store in a safe and reasonable manner.

24. At the time Defendant Dollar Tree, Inc. entrusted the store to Defendant manager and employees, Defendant Dollar Tree, Inc., knew or should have known that Defendant manager

and employees were likely to operate the store in a negligent and reckless manner and that such negligent and reckless conduct was reasonably foreseeable to create a risk of harm to others in the community.

25. At the time Defendant Dollar Tree, Inc. entrusted the store to Defendant manager and employees, Defendant Dollar Tree, Inc. failed to adequately monitor, train and supervise Defendant manager and employees while performing their duties for Defendant Dollar Tree, Inc.

26. Defendant, Dollar Tree, Inc., failed to adequately staff the store at issue.

27. At the time, Defendant Dollar Tree, Inc. was negligent and reckless and failed to hire, retain, train, and supervise its employees and managers as follows:

a. Failure to conduct appropriate background checks on employee qualifications;

b. Failure to conduct adequate interviews on employee experience and ability;

c. Failure to appropriately discipline or fire employees for safety and cleanliness violations;

d. Failure to appropriately discipline or fire employees for violations of company policies related to safety and cleanliness;

e. Failure to adequately supervise employees;

f. Failure to adequately train employees how to maintain a clean and safe store;

g. Failure to adequately staff the store;

h. Failure to implement adequate policies and procedures for inspecting the store and its aisles;

i. Failure to adequately train employees how to inspect the shopping area, and how to detect unsafe and unsanitary conditions.

28. Therefore, Defendant, Dollar Tree, Inc., is liable to Plaintiff for all injuries aforesaid.

29. As a result of Defendant, Dollar Tree, Inc.'s negligence and recklessness, Plaintiff suffered damages including but not limited to those specified in the paragraphs above in this

Complaint.

30. The damages Plaintiff suffered as a result of Defendant, Dollar Tree, Inc.'s negligent and reckless conduct, including but not limited to, all actions or inactions specified in the paragraph above, were reasonably foreseeable to Defendant Dollar Tree, Inc.

31. Defendant Dollar Tree Inc. failed to satisfy its required duty of care and is liable to Plaintiff for the damages that she sustained.

32. At all times material hereto, Defendant knew or should have known that their actions, in allowing a cup filled with potentially hazardous bodily fluids to be precariously placed on a shelf in their store for up to a week, where it could easily spill onto unsuspecting customers, constituted outrageous and reckless indifference to the significant, direct, and present risk of serious injury to Plaintiff.

33. As such, Plaintiff, Tracey Kincaid, is entitled to the award of punitive damages.

WHEREFORE, Plaintiff, Tracey Kincaid, prays for judgment against Defendants, Dollar Tree, Inc. and Heather Fender, in compensatory damages in an amount in excess of the jurisdictional limits and punitive damages, exclusive of interest and allowable costs of this suit, which will compensate Plaintiff for Plaintiff's injuries.

**COUNT III – RESPONDEAT SUPERIOR**
**(Tracey Kincaid v. Dollar Tree, Inc.)**

34. The allegations contained within the above paragraphs are incorporated herein as if fully set forth at length.

35. At the time the negligence, recklessness, willfulness and wantonness occurred, Defendant, Heather Fender, was acting as manager with Defendant, Dollar Tree, Inc.'s express permission.

36. Additionally, this negligence and recklessness occurred during the course and

scope of Defendant, Heather Fender's, employment with Defendant, Dollar Tree, Inc., as employee, agent, servant, and/or representative.

37. Furthermore, the same applies to any and all other employees that were on the clock on the date of the incident and/or that were responsible for the cup of urine.

38. Defendant, Dollar Tree, Inc. therefore, is vicariously liable and/or liable under the doctrine of respondeat superior and/or master/servant for the acts of its agents, servants, employees, and/or representatives including but not limited to Defendant, Heather Fender, for the injuries and damages Plaintiff suffered and suffers which are detailed in the paragraphs above, as a result of Defendant Heather Fender's negligence, recklessness, willfulness and wantonness.

39. Plaintiff, Tracey Kincaid, is entitled to the award of punitive damages due to Defendant, Dollar Tree, Inc.'s, vicarious liability for Defendant, Heather Fender and any/all other responsible employees.

WHEREFORE, Plaintiff, Tracey Kincaid, prays for judgment against Defendant, Dollar Tree, Inc., in compensatory damages in an amount in excess of the jurisdictional limits and punitive damages, exclusive of interest and allowable costs of this suit, which will compensate Plaintiff for Plaintiff's injuries.

**JURY TRIAL DEMANDED.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount in excess of the minimum jurisdictional limits as follows:

a. Awarding actual economic and non-economic damages to Plaintiff in an amount to be determined at trial;

b. Awarding punitive damages;

c. Awarding pre-judgment and post-judgment interest to the Plaintiff; and

d. Granting all such other relief as the Court deems necessary, just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by Jury on all Counts and all issues.

Respectfully submitted,

By: */s/ A.J. Patterson*
A.J. Patterson, Esq. (PA Bar No. 331944)
Eric T. Chaffin, Esq. (PA Bar #78725)
Patrick Booth, Esq. (PA Bar #202200)
CHAFFIN LUHANA LLP
615 Iron City Drive
Pittsburgh, PA 15219
(888) 480-1123

**VERIFICATION**

I, Tracey Kincaid, verify that the statements made in the COMPLAINT are true and correct to the best of my knowledge. I further understand that I make this verification subject to the penalties of 18 Pa.C.S.A. §4904, related to unsworn falsification to authorities.

4/17/2025 | 12:56 PM PDT

DATED

DocuSigned by:

8F49485389EA425...

Tracey Kincaid

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Counsel for Plaintiff

Signature: */s/ A.J. Patterson*

Name: A.J. Patterson

Attorney No. (if applicable): 331944